IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SUNSHINE PYROTECHNICS COMPANY, LTD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:17-CV-03033-BCW ) |
| HALE FIREWORKS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are Hale Fireworks' motion to compel and for sanctions (Doc. #345), Plaintiff's counsel Lauren Allen's motion to withdraw (Doc. #348) and Plaintiff's Counsel David Potter's motions to withdraw (Docs. #351 & #355). The Court, being duly advised of the premises, grants said motions.

**A. Hale Fireworks' motion to compel and for sanctions is granted.**

On August 19, 2022, Hale Fireworks served interrogatories in aid of execution of the judgment and requests for production in aid of execution of the judgment ("Post-Judgment Discovery") to Plaintiff. (Doc. #335). On October 5, 2022, Plaintiff filed a motion to quash arguing Defendants are not entitled to post-judgment discovery while its motion for a new trial is pending. (Doc. #336). On February 10, 2023, the Court entered an Order denying Plaintiff's motion to quash and directed Plaintiff to file answers to Hale Fireworks' post-judgment discovery within ten days of that Order. (Doc. #341).

On February 20, 2023, Plaintiff filed a certificate of service representing it had answered Hale Fireworks' post-judgment discovery via email. (Doc. #342). However, on March 16, 2023,

1

the parties participated in telephone conference wherein Hale Fireworks represented it had not received the requested discovery. (Doc. #344). Plaintiff's counsel Lauren Allen indicated she had no further update regarding the requested discovery and intended to file a motion to withdraw due to difficulties in communication and cooperation with her client.

On March 16, 2023, Hale Fireworks filed a motion to compel production of their August 22, 2022 interrogatories and for sanctions in an amount not less than $5,000 due to Plaintiff's failure to comply with the Court's February 10, 2023 Order. (Doc. #346). On March 29, 2023, Plaintiff requested an extension of time to file a response to Hale Fireworks' motion to compel such that their response was due May 15, 2023 (Doc. #354). To date, Plaintiff has not filed a response to Hale Fireworks' motion to compel.

"[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." United States v. Big D Enter., Inc., 184 F.3d 924, 936 (8th Cir. 1999). "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Consistent with the Court's February 10, 2023 Order, the motion to compel is granted. Furthermore, given Plaintiff's lack of compliance with the Court's February 10, 2023 Order and lack of response to Defendant's motion to compel, Hale Fireworks' request for sanctions is granted. Hale Fireworks is directed to submit a declaration of fees requested for the Court's review by July 21, 2023.

**B. Plaintiff's counsel Lauren Allen and David Potter's motions to withdraw are granted.**

Between March 17, 2023, and April 8, 2023, Plaintiff's counsel Lauren Allen and David Potter filed motions to withdraw as counsel of record in the instant action. (Docs. #348, #351, and #355). In support of their motions to withdraw, Lauren Allen indicated that communication issues precluded further representation of Plaintiff while David Potter cited personal medical issues warranting withdrawal. (Docs. #348, #351, & #355) On May 17, 2023, the Court sent correspondence inquiring, among other things, whether Plaintiff had yet obtained replacement counsel as Plaintiff had indicated that such efforts were underway. (Doc. #354). However, counsel for Sunshine did not provide any update whether replacement counsel had been obtained.

Because Plaintiff is a corporation and cannot proceed pro se in federal court,[1] on May 25, 2023, the Court entered an Order directing Plaintiff's counsel Lauren Allen and David Potter to show cause why their motions to withdraw should not be denied without prejudice. On June 14, 2023, Plaintiff's counsel Lauren Allen filed a response indicating L.R. 83.5(c)(2) permitted her withdrawal based on Plaintiff's lack of communication and assistance in its defense. (Doc. #362). Plaintiff cites Am. Prod. & Inventory Control Soc'y, Inc. v. Auxier, No. 11-00956-CV-SJ-BP, 2013 WL 12155788, at *2 (W.D. Mo. Feb. 25, 2013) as an example where a court permitted withdrawal on this basis even though the corporate defendant faced the possibility of default judgment since it could not proceed pro se.

The Court finds Auxier persuasive and further finds that Plaintiff's counsel Lauren Allen and David Potter have demonstrated good cause to withdraw. Here, the parties have extensively

---

[1] Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996). Plaintiff's ability to proceed in the above-captioned matter was relevant at the time because Hale Fireworks' motion to compel and for sanctions (Doc. #345) was pending and unanswered despite Plaintiff's request for an extension of time to respond.

3

litigated this case before this Court for several years and judgment has already been entered against Plaintiff. (Doc. #320). So, too, has this Court ruled on Plaintiff's motion for a new trial (Doc. #350). Furthermore, there are no longer any pending motions requiring Plaintiff's response. Accordingly, since Plaintiff has exhausted all avenues for relief in this Court and Plaintiff's repeated noncompliance with Court Orders and lack of communication with counsel has "rendered [continued] representation unreasonably difficult[]" Plaintiff's counsel Lauren Allen and David Potter's motions to withdraw are granted. Auxier, 2013 WL 12155788, at *1; Gold's Gym Licensing, LLC v. K-Pro Mktg. Grp., Inc., No. CIV. 09-1211 PJS/RLE, 2009 WL 3520858, at *4 (D. Minn. Oct. 26, 2009) (granting motion to withdraw though it left corporate defendant unrepresented where any prejudice experienced by the defendant as a result of withdrawal was due to its own conduct). Accordingly, it is hereby

ORDERED Hale Fireworks' motion to compel and for sanctions (Doc. #345) is GRANTED. Hale Fireworks is directed to submit a declaration of fees requested for the Court's review by July 21, 2023. It is further

ORDRED Plaintiff's counsel Lauren Allen's motion to withdraw (Doc. #348) and Plaintiff's Counsel David Potter's motions to withdraw (Docs. #351 &355) are GRANTED.

IT IS SO ORDERED.

DATE: June 29, 2023

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT